```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF CALIFORNIA
```

MARK DOUCETTE,                      )
                                    )    2:05-cv-01362-GEB-KJM
            Plaintiff,              )
                                    )
       v.                           )    STATUS (PRETRIAL
                                    )    SCHEDULING) ORDER
COUNTY OF SACRAMENTO; DEPUTY        )
MARTIN CROSBY; SERGEANT DAVID       )
CUNEO; DEPUTY CORY MOORE,[1]        )
                                    )
            Defendants.             )
_____)

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

The status (pretrial scheduling) conference scheduled in this case for Decembr 12, 2005, is vacated since the joint status

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

1 report submitted by the parties indicates that the following Order
2 should issue.

### DISMISSAL OF DOE DEFENDANTS

4 Since Plaintiff has not justified Doe defendants remaining
5 in this action, Does 1-100 are dismissed. See Order Setting Status
6 (Pretrial Scheduling) Conference filed July 7, 2005, at 2 n.2
7 (indicating that if Plaintiff failed to set forth in the Joint Status
8 Report a date by when the identities of any "Doe" defendants are
9 expected to be discovered, the claims against Doe defendants would be
10 deemed abandoned and a dismissal order would follow).

### SERVICE OF PROCESS

12 All defendants have been served and no further service is
13 permitted, except with leave of Court, good cause having been shown.

### JOINDER OF ADDITIONAL PARTIES/AMENDMENT

15 No further joinder of parties or amendments to pleadings is
16 permitted except with leave of Court, good cause having been shown.

### DISCOVERY

18 (a) All discovery shall be completed by September 13, 2006.
19 In this context, "completed" means that all discovery shall have been
20 conducted so that all depositions have been taken and any disputes
21 relative to discovery shall have been resolved by appropriate orders,
22 if necessary, and, where discovery has been ordered, the order has
23 been complied with or, alternatively, the time allowed for such
24 compliance shall have expired.[2]

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs
(continued...)

1            (b)   Each party shall comply with Federal Rule of Civil
2   Procedure 26(a)(2)'s initial expert witness disclosure and report
3   requirements on or before April 13, 2006, and with the rebuttal expert
4   disclosures authorized under the Rule on or before May 15, 2006.

## MOTION HEARING SCHEDULE

6            The last hearing date for motions shall be November 13,
7   2006, at 9:00 a.m.[3]

8            Motions shall be filed in accordance with Local Rule 78-
9   230(b).  Opposition papers shall be filed in accordance with Local
10  Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
11  consent to the motion and the Court may dispose of the motion
12  summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
13  Further, failure to timely oppose a summary judgment motion may result
14  in the granting of that motion if the movant shifts the burden to the
15  nonmovant to demonstrate a genuine issue of material fact remains for
16  trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

17           Absent highly unusual circumstances, reconsideration of a
18  motion is appropriate only where:
19           (1)   The Court is presented with newly discovered evidence
20  that could not reasonably have been discovered prior to the filing of
21  the party's motion or opposition papers;
22           (2)   The Court committed clear error or the initial decision
23  was manifestly unjust; or

---

[2](...continued)
the risk of losing the opportunity to have a jurist resolve discovery
motions pursuant to the Local Rules.

[3]   This time deadline does not apply to motions for continuances,
temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

(3)  There is an intervening change in controlling law. A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for January 8, 2007, at 3:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated sua sponte "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law."  Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[4]  The joint pretrial statement shall specify the issues

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

for trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

### SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  The parties shall address in their joint pretrial statement whether they

1 | wish to have a judge-assisted settlement conference.  If counsel wish
2 | the Magistrate Judge to act as settlement judge, written stipulations
3 | to this effect which waive the judge's disqualification from later
4 | acting as the discovery judge must be filed prior to the scheduling of
5 | the settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish
6 | to participate in Court-assisted settlement prior to the final
7 | pretrial conference, they should contact the Deputy Clerk.

<u>TRIAL SETTING</u>

Trial is set for April 3, 2007, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

DATED:  December 5, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge